## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **GERMAN NEGRON GONZALEZ; GISELA MARIN CENTENO** <br><br> Plaintiffs <br><br> v. <br><br> **AIRBNB, INC.; RENE ERMILIO, HEATHER BROWN ERMILIO AND THE CONJUGAL PARTNERSHIP CONSTITUTED BETWEEN THEM; A, B, C CORPORATIONS; X, Y, Z INSURANCE COMPANIES; JOHN AND JANE DOE** <br><br> Defendants | **CIVIL NO. 22-** <br><br><br><br> Plaintiffs demand Trial by Jury |

## COMPLAINT

**TO THE HONORABLE COURT:**

COME NOW German Negron Gonzalez and Gisela Marin Centeno [Plaintiffs] by and through the undersigned attorney, and very respectfully state and pray as follows:

## I.     THE PARTIES

1.     Plaintiffs, German Negron Gonzalez and Gisela Marin Centeno are of legal age, married and domiciled in the Commonwealth of Puerto Rico. Their address is: Valle Forestal, Calle Roble E-4, San Juan PR 00926 and their mailing address is: #100 Roseville Drive Box 11, San Juan PR 00926.

2.     Codefendant, Airbnb, Inc. ("Airbnb") is a Delaware corporation that

manages and operates an online marketplace for hospitality services. Airbnb offers lodging, homestays, and tourism services via websites and mobile applications. Airbnb serves clients worldwide, including Casa La Tortuga, located in Rincón, Puerto Rico. Their corporate office address is: 888 Brannan Street, San Francisco, CA 94103.

3.     Codefendants, Rene Ermilio, Heather Brown Ermilio a.k.a. Heather Ermilio a.k.a. Heather Brown and the Conjugal Partnership constituted by them ("Ermilios") by information and belief, are the owners of the guest house property named Casa La Tortuga ("Guesthouse"), where the accident mentioned in this complaint took place. At all times prior and after the occurrence of the accident, Casa La Tortuga had the duty to ensure its premises were safe for guests like Plaintiffs. The Ermilios are domiciled in Philadelphia, State of Pennsylvania. Their last known address is 604 N 2nd St, Philadelphia, PA 19123 and their mailing address is PO BOX 29248, Philadelphia, PA 19125.

4.     John & Jane Doe are the fictitious names used to denominate individuals that, together with the above-named defendants, may also be jointly responsible to the plaintiffs for the accident as described in the present complaint. Once their identity is made known by the defendants, they may be properly named and included as additional defendants in this complaint.

5.     Codefendants, A, B, C CORPORATION, upon information and belief, are the fictitious names used to denominate other companies that, together with the above-named defendants, may also be jointly responsible to the plaintiffs for the accident as described in the present complaint. Once their identity is made known by the defendants, they may be properly named and included as additional defendants in this

complaint.

6.      Codefendants, X, Y and Z Insurance Companies are the fictitious names used to denominate insurance companies that may have issued liability insurance policies providing coverage for one or more of the defendants for the accident below mentioned. Once said insurance companies are identified, the complaint will be amended in order to properly name said insurance companies in this complaint.

7.      All defendants, at the time of the accident below mentioned, were either the administrators, manager(s), landowner(s), owners, tenants, designers, contractors, operators and/or responsible parties for the guest house premises, and are thus jointly responsible for the accident suffered by the Plaintiff as further described in the present complaint.

8.      All previous defendants are therefore jointly liable to the Plaintiff for the accident below mentioned.

## II.      JURISDICTION AND VENUE

9.      This Honorable Court has jurisdiction over the subject matter and over the parties of this litigation based on diversity of citizenship pursuant to Section 1332 of Title 28 of the United States Code, given the parties complete diversity of citizenship and being the amount in controversy in excess of $75,000.00, exclusive of interests and costs. Venue is proper in the U.S. District of Puerto Rico because it is where a substantial part of the events or omissions giving rise to the claim occurred. See 28 U.S.C. §1391(a).

## III.      TOLLING OF THE STATUTE OF LIMITATIONS

10.      The accident that gives rise to the present complaint occurred on August 13, 2021, in Rincón, Puerto Rico and the statute of limitations of one (1) year was

interrupted by a Demand Letter directed to the defendants dated August 8, 2022. Therefore, at the time of filing the present complaint, the statute of limitations of one (1) year has not elapsed.

## IV.   FACTS, LIABILITY AND DAMAGES

11.   Plaintiffs were paying lodging guests at Casa La Tortuga, the property owned by codefendants the Ermilios.

12.   The property owned by the Ermilios consists of three levels. It has a stairway that gives access to all three levels.

13.   On the afternoon of August 13, 2021, around 5:40PM, Plaintiff Negron was walking down the stair of the property when he lost his footing and slipped and fell all the way down to the landing between the flights.

14.   Immediately Plaintiff Negron experienced pain and heat on his back and was unable to move or stand up.

15.   Plaintiff Negron was unable to stand up even after waiting for about an hour. A call was placed then to 911 and paramedics, emergency rescuers and the police came to help.

16.   Plaintiff Negron is 6 feet 2 inches tall and weighed about 240 pounds so he had to be carried by several men and removed from the landing between flights of the stairway to access the street level and was rushed in an ambulance to the Emergency Room in Mayagüez Medical Center. The ambulance ride took about an hour. This whole ordeal caused Plaintiff Negron much pain and anguish.

17.   A CT (computer tomography) of the lumbar spine revealed an acute fracture of the left L1 transverse process. There was no surgery possible for such

fracture so he had to go home to wait for it to heal on its own. He spent the night in the Emergency Room of the Mayagüez Medical Center.

18.     Next day, August 14, 2021, Plaintiff Negron had to be transported again on an ambulance, this time for about three (3) hours, from the ER to his home in San Juan, experiencing excruciating pain along the way.

19.     He remained in bed 46 days until he was able to stand up again.

20.     Once he stood up, he started treatment with a physiatrist. He is still under treatment at the time of filing of this complaint.

21.     Plaintiff Negron has received 32 physical therapies and is expected to have 16 more prescribed to him.

22.     To this day Plaintiff Negron feels pain in his back.

23.     During all this time Plaintiff Marin, Plaintiff Negron's wife, helped and took care of Plaintiff Negron specially during the 46 days that he was in bed unable to stand up or care for himself.

24.     Plaintiff Negron had rented Casa La Tortuga to celebrate his wife's birthday with family and friends over the weekend of August 13, 2021, but instead the weekend was ruined and Plaintiffs ended up in the hospital, Negron with a broken back and feeling severe pain and Marin taking care of him and spending a whole night in the Emergency Room waiting for an ambulance that would take Negron to San Juan.

25.     The physical injury suffered by Plaintiff Negron severely affected his life and daily activities during the 46 days that he was unable to stand up and that he was constrained to a bed. This also affected his enjoyment of life and caused him extreme mental anguishes.

26.     Plaintiff Marin has also suffered emotional and mental anguishes seeing her husband unable to move between the flights of the stairs, unable to stand and in pain. She also suffered watching him suffer in the hospital, during the ambulance ride and during the very long 46 days during which he could not take care of himself and felt pain on every small movement of his body.

27.     Plaintiffs have also incurred in medical expenses and treatment for which defendants are liable which are included in the amount requested in this complaint.

28.     At the time of the accident, the Guesthouse was owned by codefendants Rene Ermilio and Heather Brown Ermilio and the Conjugal Partnership constituted by them.

29.     At the time of the accident, the Guesthouse was rented through the Airbnb hospitality services.

30.     One or more of the codefendants had knowledge of the dangerous condition in the Guesthouse premises.

31.     The accident resulting in the damages suffered by plaintiff was caused by the exclusive fault and negligence of defendants.

32.     Defendants, in renting a property for commercial purposes to serve as lodging accommodation, are considered an innkeeper.

33.     As an owner and/or operator and/or innkeeper, defendants had a duty to maintain the premises rented to paying guests free of dangerous conditions.

34.     Defendants violated their duty as an owner and/or operator and/or innkeeper in maintaining in their premises a stair covered with tile that suffers from multiple design flaws consisting of the following:

            a)   The stairway and its steps are exposed to rainwater that enters through large

openings on the walls of the stair.

b) The color of the tile does not allow an ordinary observer to distinguish water when rainwater has entered through the openings and flowed down the steps or accumulated over them.

c) The treads and risers do not comply with the applicable Uniform Building Code.

d) The handrails do not meet the pertinent requirements.

e) The tiles that cover the steps of the stairway become excessively slippery when they get wet which creates a dangerous condition of which defendants had full knowledge but did not eliminate as required by their heightened standard of care for the safety of guests.

f) The steps did not have an anti-slip strip that covered the length of the tread nor a strip that was in good condition.

g) There is nothing to stop the rainwater from coming through the openings of the stairway and flowing freely or accumulating over the steps of the stairway.

35.    Co-defendant Airbnb, facilitated the rental process of the property to plaintiffs utilizing its promotional system for its financial benefit. As such, Airbnb, had to ensure that the property rented was safe, secure and free of dangerous conditions.

36.    Defendants heightened standard of care includes the duty to inspect the premises for both obvious and hidden dangers.

37.    The condition of the staircase in Casa La Tortuga on August 13, 2021 was hazardous, unsafe and a danger to the safety of Plaintiffs.

38.    Because of the accident, Plaintiff has suffered injuries and had to endure a

very prolonged and painful recovery period.

39.     The accident would not have happened if not for the combined negligence of the defendants.

40.     Defendants created and maintained the dangerous condition where the accident happened.

41.     Defendants did not ensure that the Guesthouse stairway that guests had to use to move from level to level would not get rainwater flowing or accumulating down the stairs when it rained creating an excessively slippery surface and therefore a hazardous condition for guests.

42.     Defendants should have foreseen that allowing rainwater to flow freely down the steps of the only stair that gives access to all levels of the property was a prohibited safety hazard for guests.

43.     Pursuant to Puerto Rico law, all defendants are jointly liable for the accident and the payment of all damages suffered by the plaintiffs.

44.     As a result of the accident Plaintiff Negron had to endure a prolonged and painful recovery period. He still has not fully recovered and keeps needing physical therapies for his back pain. Plaintiff Marin has suffered throughout the whole period since her husband fell down the stairs and broke his back until this very day. Plaintiffs have had to incur and are still incurring in unwanted expenses as a result of the fall. The defendants are responsible for the occurrence of the accident suffered by Plaintiff Negron and its terrible and long-lasting consequences.

45.     The value of Plaintiff's damages, to include pain, suffering and mental anguish due to the combined negligence of the defendants and expenses is estimated in excess of **FIVE HUNDRED THOUSAND U.S. DOLLARS ($500,000.00)**, a sum that

the defendants owe the Plaintiffs.

46.     Pursuant to Puerto Rico Law, and in particular, Article 20.010 of the Insurance Code of Puerto Rico, 26 L.P.R.A. § 2001, all Insurance Companies that have issued liability insurance policy coverage for the defendants are jointly and/or severally liable for the accident and the payment of all damages suffered by the plaintiffs.

47.     Plaintiffs demand trial by jury.


**WHEREFORE**, Plaintiffs pray that this action be tried by a jury and after trial, that judgment be entered against the defendants in amounts not less than as specified in this complaint, with the imposition of costs and reasonable attorney fees in favor of the Plaintiffs.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 12th day of August, 2022.

**I HEREBY CERTIFY** that I have filed this Complaint with the Court's ecf system.


S/Pedro J. Rivera-Rivera
**PEDRO J. RIVERA RIVERA**
**USDC PR# 228702**
1510 Ave. FD Roosevelt Ste 9B-1
Guaynabo, PR 00968
Tel. 787-758-8029; Fax 787-754-0109
Mobile 787-599-3702
E-mail: pjrivera@pjrlex.com